IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| EARL SEYMOUR | PLAINTIFF |
| v. | CAUSE NO. 1:11CV50 LG-RHW |
| NECAISE, ET AL. | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

BEFORE THE COURT is the Motion [43] for Partial Summary Judgment filed by Defendants the City of Waveland, Mississippi, Clay Necaise, Jeffrey Guillot, James Varnell, and David Garcia, in their individual and official capacities. Defendants Necaise and Guillot are officers with the City of Waveland Police Department who were involved in crowd-control efforts during the City's 2010 Mardi Gras parade. They are alleged to have tased Plaintiff, who was attending the parade.

The Defendants acknowledge a question of material fact in regard to Seymour's Fourth Amendment excessive force claim, but contend that they are entitled to judgment as a matter of law in regard to the remaining constitutional and state law claims. Despite being granted three extensions of time to file a response, Seymour did not file a response to the Motion. After consideration of the Motion and the evidence submitted, it is the Court's opinion that there is no question of material fact for the jury except in regard to Seymour's Fourth Amendment excessive force claim. Accordingly, the Motion for Partial Summary Judgment will be granted.

BACKGROUND

Plaintiff Earl Seymour testified that on February 7, 2010, he was attending a Mardi Gras parade in Waveland, Mississippi. He and several friends had set up a trailer to watch the parade on the side of Highway 603. Two of Seymour's friends, Samantha Lyerly and Aaron Godwin, walked down the highway to buy a twelve-pack of beer for the group. On their way back, Lyerly and Godwin were stopped by Waveland officer Josh Poyadou near a Kentucky Fried Chicken parking lot. According to Poyadou's narrative report, he informed Lyerly and Godwin that glass bottles were prohibited during the parade and that the beers would be seized. Godwin resisted attempts to seize the beers, but officer Poyadou eventually obtained possession of them.

Seymour testified that he witnessed the altercation between Godwin and the officer from the trailer, which was approximately fifty feet away from the parking lot. He could not hear what the officer, Godwin or Lyerly were saying. Seymour and his wife Kimberly walked to Wal-Mart, where they purchased another case of beer—this time in cans—and some headache medicine. On the way back from Wal-Mart, Seymour passed the Kentucky Fried Chicken parking lot and saw police attempting to restrain Godwin and Lyerly. Officer Poyadou stated that approximately fifteen minutes after his first encounter with Godwin, Godwin confronted him again, at which point Lyerly intervened and began yelling. Seymour testified he did not know what caused the altercation. All he knew at the time was that police had wrestled Lyerly to the ground and were trying to restrain

her.

Seymour testified that he started across the parking lot and approached the arresting officer, Jeffrey Guillot. Guillot testified that Seymour had his "fists clenched" and looked like "he was about to fight me." Seymour says he asked Guillot why Lyerly had been "throwed on the ground." He admits Guillot told him to "move on [and] go on down the road." However, Seymour did not move on as instructed. Instead he "asked [Guillot] two or three more times" about Lyerly. Guillot, who was still trying to secure Lyerly warned Seymour several more times to move on. After multiple warnings to move on, Officer Guillot deployed his taser on Seymour. Seymour admits there were about fifty people in the immediate area, and acknowledges that Guillot and others were actively trying to secure the scene after a disturbance. When asked whether he should have complied with Guillot's instructions to move on, Seymour replied, "Probably should have."

At this point, accounts of events diverge sharply. Guillot testified that Seymour became irate and physically resisted attempts to place him in a transport vehicle, which required officers to apply a "drive stun" taser technique several times to gain compliance. Seymour, by contrast, contends that he immediately complied with Guillot's instructions after Guillot tased him. Once he was moved to the transport vehicle, he was tased by officers Necaise and Guillot.

Seymour brings claims pursuant to 42 U.S.C. § 1983 for violations of his Fourth, Fifth, Eighth and Fourteenth Amendment rights. He makes further claims of civil conspiracy pursuant to 42 U.S.C. §§ 1985 and 1986. The remainder of his

claims are based on state law: battery, assault, civil conspiracy, outrage, negligent and intentional infliction of emotional distress, false arrest, false imprisonment, malicious prosecution and "additional and miscellaneous" claims.[1]

THE LEGAL STANDARD

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The Plaintiff has not submitted any argument or evidence in opposition to the Defendants' Motion. Nevertheless, the Defendants have the burden of establishing the absence of a genuine issue of material fact and, unless they have done so, the Court may not grant the Motion, regardless of whether any response was filed. *Hibernia Nat'l. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

---

[1] To the extent Seymour's negligent hiring, training, supervision and retention claims are brought under state law, these claims are treated by Mississippi courts as simple negligence, subject to the Mississippi Tort Claims Act. *Roman Catholic Diocese of Jackson v. Morrison*, 905 So. 2d 1213, 1229 (Miss. 2005).

DISCUSSION

1. The Section 1983 Claims

In his Amended Complaint, Seymour claims that the City's police officers violated his Fourth, Fifth, Eighth and Fourteenth Amendment rights by arresting him without probable cause and using excessive force during the encounter. He claims the City failed to adequately train or supervise officers, and that the City negligently hired, retained, and failed to discipline officers.[2] He contends that City officials have promulgated policies or customs they knew or should have known would result in constitutional violations. The Defendants argue that the facts and evidence in this case require that the Court consider Seymour's claims under the standard of the Fourth Amendment, rather than the various Amendments he has cited.

The due process and other protections of the Fifth Amendment apply only to violations of constitutional rights by the United States or a federal actor. *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000) (citing *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996)). Seymour does not allege that any defendant here was acting under authority of the federal government, and therefore he has no cause of action under the Fifth Amendment.

Furthermore, the Fifth Circuit has consistently held that the protections of

---

[2] Although Seymour may not bring a negligence claim under 42 U.S.C. § 1983, his allegations of failure to adequately train or supervise officers also relate to the excessive force claim and will be analyzed in that context.

the Eighth Amendment apply only to convicted inmates, not suspects or even pretrial detainees. *See, e.g., Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Seymour alleges he was taken into custody, but the charges against him were dropped. Consequently, he has no claim under the Eighth Amendment. *See, e.g., Abshure v. Prator*, 392 F. App'x. 267, 268 (5th Cir. 2010) (The "Eighth Amendment applies to treatment of prisoners, not pretrial detainees.").

Finally, Seymour cannot pursue his excessive force claims via the Fourteenth Amendment. To maintain a Fourteenth Amendment equal protection claim, Seymour must allege that he "received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir.2001) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439-40 (1985)). His Amended Complaint does not mention equal protection, nor does he allege that the City treated him differently based on his race or other protected status. He testified that his claim was that the officers were too quick to tase people; it had nothing to do with his race, age or sex.

The only remaining possibility under the Fourteenth Amendment is a substantive due process claim, but that is also foreclosed here. Where a particular Amendment "provides an explicit textual source of constitutional protection" against a particular kind of government action, "that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these

claims." *Graham v. Connor*, 490 U.S. 386, 395 (1989). The Fourth Amendment, rather than the Fourteenth, governs the use of force by police in apprehending a suspect. *See Lytle v. Bexar Cnty, Tex.*, 560 F.3d 404, 410 (5th Cir. 2009); *Brothers v. Klevenhagen*, 28 F.3d 452, 455 (5th Cir. 1994).

The Court finds that the only Constitutional claim that Seymour can pursue under 42 U.S.C. § 1983 is a Fourth Amendment excessive force claim. The Defendants are entitled to judgment as a matter of law in regard to the Fifth, Eighth, and Fourteenth Amendment claims.

2. <u>The Claims Against the City of Waveland, Mississippi</u>

Regardless of the viability of his Fourth Amendment claim, Seymour is unable to demonstrate liability under § 1983 on the part of the City or any individual defendant in his official capacity. Supervisory officials cannot be held liable under section 1983 for the actions of subordinates on any theory of vicarious or *respondeat superior* liability. *McCully ex rel. Davis v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). A municipality cannot be held liable unless a police officer's alleged constitutional violation proximately resulted from a municipal policy or custom. *See, e.g., Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 169 (5th Cir. 2010). For purposes of § 1983, a claim against a municipal employee in his official capacity is "in essence, a suit against the municipality," and requires the same showing of a policy or custom. *Brumfield v. Hollins*, 551 F.3d 322, 331 n.9 (5th Cir. 2008) (citing *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir.

2005)). Thus, to prevail on claims against the City of Waveland or the individual defendants in their official capacities, Seymour must show his alleged injury was caused by (1) "a policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers," or (2) "a persistent widespread practice of city officials or employees, which … is so common and well settled as to constitute a custom that fairly represents municipal policy." *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc), *cert denied*, 472 U.S. 1016 (1985).

Because he does nothing more than allege a policy or custom of using excessive force in effecting arrests, Seymour has not met his burden. He testified he did not know what policies the Waveland Police Department followed with respect to using tasers. Bare allegations, offered without proof, are insufficient to support a claim that there existed a policy or custom which was the moving force behind any alleged constitutional violation. *Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir. 1997). The Defendants have established that they are entitled to judgment as a matter of law in regard to Seymour's § 1983 claims against the City and the individual defendants in their official capacities.

3. <u>The Claims Against the Mayor and Chief of Police</u>

Seymour has sued Waveland Mayor David Garcia and former police chief James Varnell as defendants in their individual capacities. An official such as Garcia or Varnell who is sued in his individual capacity cannot be liable under § 1983 on the theory of *respondeat superior;* he must have been personally involved in

the plaintiff's injury to be liable. *Williams v. Luna,* 909 F.2d 121, 123 (5th Cir.1990). Seymour presented no facts to establish that either Garcia or Varnell was personally involved in the incident. Seymour testified during his deposition that David Garcia was not the mayor at the time of his tasing and had not done anything to harm him. He also testified that James Varnell was not present at the scene and did nothing to harm him. Accordingly, the Defendants are entitled to judgment as a matter of law in regard to the claims against these two defendants in their individual capacities.

4. The Conspiracy Claims

Seymour next raises claims of conspiracy under 42 U.S.C. §§ 1985 and 1986. Section 1985 does not create a federal cause of action for conspiracy generally. It applies only to conspiracies to intimidate public officials or obstruct justice, or to deny rights on the basis of race or other protected status. *See, e.g., Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 687 (5th Cir. 2010). Section 1986 addresses failure to prevent a conspiracy, and requires the existence of a Section 1985 conspiracy as an element of the Section 1986 claim. *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000). Seymour is not a public official and his complaint does not allege that his tasing was the result of class-based bias. As noted earlier, Seymour testified that the tasing did not occur because of his race or other protected status. Thus, his claims under Sections 1985 and 1986 fail as a matter of law.

5. The State Law Claims

The Defendants assert that all of Seymour's claims under Mississippi state law are barred because he failed to comply with the notice requirements of the Mississippi Tort Claims Act (MTCA). The MTCA provides the exclusive civil remedy against a governmental entity or its employee for acts or omissions which give rise to a suit. *Stewart ex rel. Womack v. City of Jackson*, 804 So. 2d 1041, 1046 (Miss. 2002) (citing *L.W. v. McComb Separate Mun. Sch. Dist.,* 754 So. 2d 1136, 1138 (Miss. 1999) and Miss. Code Ann. § 11–46–7(1)). "Any tort claim filed against a government entity or its employee shall be brought only under the MTCA." *Stewart*, 804 So. 2d at 1046.

The MTCA requires claimants to file a notice of claim with the city's chief executive officer before filing a lawsuit. *See* Miss. Code Ann. 11-46-11(1). The notice must contain specific information about the claim, including the nature and extent of the injury , the names of persons involved, and the "amount of money damages sought." *See id.* at § 11-46-11(2). There is a one year statute of limitations on claims under the MTCA, and failure to file the required notice within the one year period means the claims are time barred. *See, e.g., Little v. Miss. Dep't of Human Serv's*, 835 So. 2d 9, 12 (Miss. 2002). The MTCA's notice requirement "is a hard-edged, mandatory rule which the Court strictly enforces." *Univ. of Miss. Med. Ctr. v. Easterling*, 928 So. 2d 815, 820 (Miss. 2006). The Defendants assert that Seymour made no attempt to comply with the notice requirements of the statute,

and as more than two years have passed since his February 2010 arrest, it is far too late to remedy the lack of notice. Seymour has not refuted the Defendants' assertion that he did not file the required notice. Accordingly, the Court must find that Seymour's state-law tort claims are barred by Seymour's failure to file a notice of claim as required by the MTCA.

CONCLUSION

After careful consideration of Seymour's allegations and the evidence provided, it is the Court's opinion that the Defendants have shown there is no question of material fact for the jury in regard to any of Seymour's claims, with the exception of the Fourth Amendment excessive force claim brought against officers Clay Necaise and Jeffrey Guillot, in their individual capacities. The Defendants' Motion for Partial Summary Judgment will be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [43] for Partial Summary Judgment filed by Defendants the City of Waveland, Mississippi, Clay Necaise, Jeffrey Guillot, James Varnell, and David Garcia, in their individual and official capacities, is **GRANTED**. Plaintiff's claims against the City of Waveland, Mississippi, James Varnell, and David Garcia are **DISMISSED WITH PREJUDICE**. Plaintiff's claims against Clay Necaise and Jeffrey Guillot, in their official capacities, are **DISMISSED WITH PREJUDICE**. With the exception of the Fourth Amendment excessive force claim, Plaintiff's claims against Clay Necaise and Jeffrey Guillot, in their individual capacities, are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 8th day of March, 2013.

                                                            s/ *Louis Guirola, Jr.*
                                                            LOUIS GUIROLA, JR.
                                                            CHIEF U.S. DISTRICT JUDGE