# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**EARL SEYMOUR**                                                  **PLAINTIFF**

**v.**                                  **CAUSE NO. 1:11CV50 LG-RHW**

**NECAISE, ET AL.**                                         **DEFENDANTS**

## ORDER GRANTING MOTION TO EXCLUDE

BEFORE THE COURT is the Defendants' Motion [45] to Exclude Plaintiff's Expert. The Defendants contend that testimony from the Plaintiff's police procedure expert, Dean McWilliams, should be excluded because it will be neither relevant nor reliable. The Plaintiff has not responded. After due consideration of the matter, it is the Court's opinion that McWilliams should be not be allowed to testify regarding the standards of the use of tasers in the police field or offer his opinion that police officers used excessive force in arresting Plaintiff Seymour.

### DISCUSSION

Rule 702 of the *Federal Rules of Evidence* establishes the following standards for determining whether expert testimony is admissible:

> (a) the expert's scientific, technical, or other specialized knowledge [must] help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony [must be] based on sufficient facts or data;
> (c) the testimony [must be] the product of reliable principles and methods; and
> (d) the expert [must have] reliably applied the principles and methods to the facts of the case.

Fed. R. Evid.702. The United States Supreme Court has also set forth the following non-exhaustive list of factors to consider: whether the expert's theory or technique

can be or has been tested, whether it has been subjected to peer review, whether it has a known or potential rate of error or standards controlling its operation, and whether it is generally accepted in the relevant scientific community. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 593 (1993). The district court must ensure that "an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999). Thus, "expert testimony is admissible only if it is both relevant and reliable." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002). Expert testimony is relevant if it relates to any issue in the case. *See Daubert*, 509 U.S. at 591. Reliability is determined by assessing whether the reasoning and methodology underlying the testimony is scientifically valid and whether that reasoning or methodology properly can be applied to the facts in issue. *Id.* at 592-93. The proponent of the expert testimony must prove reliability by a preponderance of the evidence. *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

The Defendants object to the brevity and lack of substance to McWilliams' report. The report consists primarily of a brief summary of the incident, a short discussion of Fourth Amendment law, and McWilliams' conclusion that the use of force was unreasonable. McWilliams also indicates that the officer's use of the taser violated "principles, model policies and training of IACP and PERF," "current

trainings in the field," and "recommendations of the manufacture [sic]." There is no explanation of how McWilliams reached these conclusions.

The Court finds that McWilliams' opinion does not meet the requirements of *Daubert*, because other than mentioning (but not explaining) "IACP," "PERF," current training and the manufacturer's recommendations, he does not actually identify what use of force standard the police officers violated, nor does he identify the method by which he reached his conclusion that the police officers used excessive force. According to his curriculum vitae, McWilliams has extensive police experience, but he does not state how that experience informs his opinion. McWilliams may have the knowledge and experience necessary to give opinion testimony on the use of tasers in police work, but he has not provided a report showing that his testimony would be helpful to the jury. Further, McWilliams' ultimate conclusion that the officers used excessive force against Seymour is a legal conclusion, and therefore constitutes inadmissible opinion. *United States v. Williams*, 343 F.3d 423, 435 (5th Cir. 2003). For these reasons, the Defendants' Motion will be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendants' Motion [45] to Exclude Plaintiff's Expert is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 8th day of March, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE